**JIANWEI LI, Petitioner,**

v.

**Alberto GONZALES, Attorney
General, Respondent.**

**No. 06–1711–ag.**

United States Court of Appeals,
Second Circuit.

May 24, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Stephen Elliott (Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero, Lisa Hirsch, Assistant United States Attorneys, on the brief) for R. Alexander Acosta, United States Attorney for the Southern District of Florida, Miami, FL, for Respondent.

Present: Hon. ROGER J. MINER,
Hon. ROBERT A. KATZMANN, Circuit
Judges, Hon. J. GARVAN MURTHA,
District Judge.*

**SUMMARY ORDER**

Jianwei Li, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Noel A. Ferris's decision denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *See In re Jianwei Li,* No. A 78 702 223 (B.I.A. Mar. 13, 2006), *aff'g* No. A 78 702 223 (Immig. Ct. New York City Oct. 18, 2004). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the decision of the BIA tracks the reasoning of the IJ, we may review both the IJ's and BIA's opinions as to the issues on which they agree. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings for substantial evidence, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,*

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review questions of law *de novo*. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000).

To qualify for asylum, the petitioner is required to show that he is "outside any country of [his] nationality ... [and] is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). The petitioner here claims that he experienced past persecution and fears future persecution "on account of ... political opinion," but assuming, *arguendo*, that the petitioner experienced past persecution or may fear future persecution, the BIA did not err in determining that the petitioner here failed to show that "the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005). The petitioner has thus failed to establish that he has experienced or fears persecution "on account of ... political opinion" and has failed to meet his burden of proof on his asylum claim.

Because the petitioner has failed to meet the burden of proof on his asylum claim, and his withholding claim is based on the same factual allegations, he necessarily fails to meet the burden of proof on that claim as well. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006). The petitioner has also failed to establish that it is more likely than not that he would be tortured if he returns to China. *See* 8 C.F.R. § 1208.16(c).

Accordingly, for the foregoing reasons, the petition for review is hereby **DENIED**, and the petitioner's pending motion for a stay of removal is **DENIED** as moot.